UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| BRIAN KEITH WOODBY, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 1:07-cv-68 |
| v. ) | Judge Mattice |
| ) | |
| BRADLEY COUNTY, TENNESSEE, ) | |
| *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Bradley County, Tennessee, Sheriff Dan Gilley, and Michael Cooper's Motion to Dismiss Case No. 1:07-cv-68 [Court Doc. 17]. Defendants contend that the above-captioned case involves the same parties and the same factual allegations as those found in case number 1:07-cv-3, also currently pending before the Court. Plaintiff admits that the two cases involve the same parties and arise out of the same events. (Court Doc. 19 at 2.)

Defendants ask that the Court dismiss the instant case as duplicative of case number 1:07-cv-3. It is well established that "a federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1212 (N.D. Ill 1983) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). The Court of Appeals for the Sixth Circuit has held that "the general principle is to avoid duplicative litigation." *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). "Generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between

the two actions." *Serlin v. Aruthus Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993).

The Court finds that the above-captioned case is duplicative of case number 1:07-cv-3. The parties are identical in the two complaints. The facts alleged in the two complaints are identical. The relief sought in both cases is identical. Plaintiff sets forth claims, in both complaints, for assault, battery, and intentional infliction of emotional distress, as well as civil rights claims under 42 U.S.C. § 1983. The only substantial difference between the two complaints is that, although constitutional violations are alleged in both complaints, they are set forth in greater detail in case number 1:07-cv-3.

The Court therefore finds that the above-captioned case, case number 1:07-cv-68, is duplicative of case number 1:07-cv-3. Case number 1:07-cv-3 was filed first with the Court and, as such, will be the case that remains pending and will be adjudicated on the merits.

Accordingly, Defendants' Motion to Dismiss Case No. 1:07-cv-68 [Court Doc. 17] is **GRANTED**. The above-captioned case is **DISMISSED WITHOUT PREJUDICE** as duplicative of case number 1:07-cv-3. The Clerk shall close the case.

SO ORDERED this 16th day of December, 2008.

                                                */s/Harry S. Mattice, Jr.*
                                                HARRY S. MATTICE, JR.
                                                UNITED STATES DISTRICT JUDGE